IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANNY L. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:15cv695-MHT |
| | ) | (WO) |
| KALA KACHMAR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of the plaintiff's motions for leave to proceed *in forma pauperis*, (docs. # 2 & 5), it is

ORDERED that the motions (docs. # 2 & 5) be and are hereby GRANTED.

On September 17, 2015, *pro se* plaintiff Danny L. Brooks ("Brooks"), filed this action alleging that the defendants subjected him to age, race and sex discrimination when they conspired to wrongfully terminate his employment with the Veteran's Administration after the Montgomery Advertiser published a story written about him by defendant Kachmar.  This is not the plaintiff's first lawsuit. On June 1, 2015, the plaintiff filed a complaint in this court raising the same claims and challenging the same acts.  *See Brooks v. McDonald*, 3:15cv383-WKW (M.D. Ala.).  This action remains pending.

Upon review of the complaint filed in this case, the Court concludes that dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  Some procedural history of the plaintiff's first complaint is relevant to the court's determination in this case.  In the

complaint filed on June 1, 2015, Brooks alleges claims of retaliation and reprisal, age discrimination, sex discrimination, race discrimination, conspiracy and wrongful termination – all stemming from a newspaper article written by defendant Kachmar and published by defendant Montgomery Advertiser. After amending his complaint once as a matter of right, the plaintiff sought leave to amend his complaint again. At that time, Brooks sought to add as defendants Barack Obama, Charles Sepich, Patricia Bradford, Richard Tremaine, Sheila Meuse, Fernardo Rivera, Cliff Robinson, and James Talton. The court denied the motion to amend.

On July 29, 2015, the plaintiff filed another motion to amend seeking to add the same defendants and presenting the same claims of discrimination, wrongful termination, retaliation and conspiracy. The court again denied the motion to amend. On August 12, 2015, the plaintiff tried a third time to amend the complaint to add these defendants. The court denied the motion to amend because, although the plaintiff attached a proposed 90 page amended complaint with 119 pages of attached exhibits, the plaintiff merely alleged in the proposed amended complaint that "all defendant(s) has violated plaintiff," and "[a]cted with deliberate indifference."[1] The court concluded that simply stating that the defendants violated his rights or using legal terms was insufficient as a matter of law to state a claim against the proposed additional defendants. The court further concluded that it could not, based on the vague and conclusory nature of the allegations, reasonably draw any inference

---

[1] It appeared that the plaintiff copied large blocks of text and simply substituted each defendant's name in each new count.

2

that any of the additional defendants were liable to the plaintiff for any alleged misconduct.

In response to the court's denial of his motions to amend, the plaintiff filed the present lawsuit, naming the same defendants and repeating the same vague and conclusory allegations. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (A complaint that "merely repeats pending or previously litigated claims" may be dismissed under § 1915(d)[2]); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious.") (alteration in original). "[I]t is malicious for a pauper to file a lawsuit that duplicates allegations in another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir.1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or

---

[2] 28 U.S.C. § 1915(d) is the predecessor to 28 U.S.C. § 1915(e)(2).

> malicious. . . . No one, rich or poor, is entitled to abuse the judicial process."
> *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013).

In the instant case, the plaintiff names the same defendants and seeks to pursue the same claims that he presented in his three previous attempts to amend his complaint in *Brooks v. McDonald*, 3:15cv383-WKW (M.D. Ala.)  The present lawsuit is simply an attempt to circumvent the denials of his previous motions to amend.  Thus, this duplicative complaint is frivolous and malicious, and subject to dismissal.  In light of the foregoing, dismissal of the plaintiff's claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Allen v. Scott*, 95 F. App'x 88 (5th Cir. 2004) ("As his instant claims were duplicative, the district court properly dismissed them as malicious. . .").  Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such complaints.  That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **October 29, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate

Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11ᵀᴴ Cɪʀ. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 15th day of October, 2015.

                              /s/Charles S. Coody
                            CHARLES S. COODY
                            UNITED STATES MAGISTRATE JUDGE